UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL K. HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>MARK OTTOVICH, et al.,<br><br>Defendants. | Case No. 14-cv-03971-EDL<br><br>**REPORT AND RECOMMENDATION**<br>Re: Dkt. No. 1 |

On September 2, 2014, Defendants filed a notice of removal for an action filed on August 20, 2003, in the Superior Court of California, County of Alameda, citing a July 29, 2014, post-judgment order as their basis for removal. Defendant Mark Ottovich also sought leave to proceed in forma pauperis ("IFP").

On September 11, 2014, pursuant to 28 U.S.C. § 1915, this Court granted Defendant Mark Ottovich's IFP request, and indicated that it would separately determine compliance with 28 U.S.C. § 1915(e)(2), which requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous." See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984) ("courts may dismiss frivolous actions filed in forma pauperis"). Moreover, a Court is obligated "to consider issues related to federal subject matter jurisdiction and may do so sua sponte." OWB, REO, LLC v. Negrete, 2011 WL 1667916, at *1 (N.D. Cal. May 3, 2011) (Armstrong, J.) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998)).

Defendants removed this case on the basis of federal question jurisdiction. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." See also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 7-8 (1983);

OWB, 2011 WL 1667916, at *1. Significantly, "under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." Franchise Tax Bd., 463 U.S. at 10 (emphasis in original). Here, the only stated basis for removal is Defendants' allegations of constitutional violations that have occurred as a result of an "undervalued sale of Defendants['] property" in post-judgment proceedings. (Notice of Removal at 3.) These allegations do not provide a sufficient basis for removal. See id. (noting that "[a]lthough such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution").

Thus, this Court finds that Defendants' removal is frivolous because this Court lacks subject matter jurisdiction over this action and, consequently, recommends that this action be REMANDED to the Superior Court of California, County of Alameda.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: September 19, 2014

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge